UNITED STATES DISTRICT COURT
EASTERN DIVISION OF TENNESSEE
NORTHERN DIVISION AT KNOXVILLE

**KEITH M. CASEY, et ux KATHERINE A. CASEY,**

    Plaintiffs

vs.

No: 23-cv-00116-TAV-JEM

**SEAN P. SULLIVAN, et ux HOLLY SULLIVAN,**

    Defendants

## ANSWER TO COMPLAINT AND TEMPORARY RESTRAINING ORDER AND TEMPORARY AND PERMANENT INJUNCTION AND COUNTER-COMPLAINT

Come Defendants' Sean P. Sullivan and Holly Sullivan, by counsel, and hereby answer the Complaint and Temporary Restraining Order and Temporary and Permanent Injunction ("The Complaint") as follows:

1. Defendants admit.

2. Denied. Defendants recently relocated to 21 Memorial Terrace, Putnam, CT 06260.

3. Defendants admit.

4. Defendants admit they acquired their property (the "Sullivan Property") by the deed referenced in paragraph 4. Said deed speaks for itself, and Defendants deny any characterization in paragraph four that it is inconsistent with the face of the deed.

5. Defendants admit.

6. Defendants admit.

7. Defendants are without sufficient knowledge to admit or deny this allegation. To that end, the same is denied, strict proof is requested.

8. With respect to the first sentence, Defendants' lack sufficient knowledge to admit or deny the state of mind of Plaintiffs at any specific time. Accordingly, the first sentence is denied. As to the second sentence, Defendants admit. As to the third sentence, Defendants admit that the Plaintiffs' declined permission to stated concerns about the water source and supply, but Defendants lack sufficient knowledge to admit or deny that Plaintiffs' stated concern was the actual reason for Plaintiffs' denial. As to the fifth sentence, Defendants admit that Plaintiffs have requested engineering and construction plans, but Defendants' would further respond that they believe no amount of documentation, however sufficient, would satisfy the Plaintiffs. As to the sixth sentence, Defendants admit.

9. As to the first sentence, Defendants are without sufficient knowledge to form a belief as to the state of mind of Plaintiffs at any specific time. As to the second sentence, the Defendants admit they have not received approval of building plans from the Chelaque Homeowners Association.

10. Defendants lack knowledge sufficient to form a belief as to the truth to the allegations in this paragraph.

11. Defendants admit.

12. Defendants lack sufficient knowledge information to form a belief as to the veracity or reasons of any concerns of Plaintiffs as alleged in this paragraph.

13. Denied. Defendants would further respond that they have the right to relocate the water under Tennessee Law provided they do not unreasonably interfere with Plaintiffs access to the well, which Defendants intend to respect.

14. Denied.

15. Any allegations in the Complaint not specifically referenced above is hereby denied.

16. Defendants deny that Plaintiffs are entitled to any relief they request in their prayer for relief.

17. For affirmative defense, Defendants would show:

    a. Defendants have the right under Tennessee Law to relocate the water line on Defendants' property so long as it does not reasonably interfere with Plaintiffs' access to the well. Accordingly, Defendants have acted within their rights, and Plaintiffs have no right to prevent Defendants from relocating the water line.

    b. Plaintiffs are guilty of unclean hands in that their stated concerns are not genuine, and they are simply unenthusiastic about having a house built on the lot next to their house.

## **COUNTER-COMPLAINT**

Come now, Sean P. Sullivan and Holly Sullivan, as Counter-Plaintiffs, by and through counsel, and for their Counter-Complaint state as follows:

1. Counter-Plaintiffs Sean P. Sullivan and Holly Sullivan ("Sullivan") are residents and citizens of Connecticut, residing at Defendants recently relocated to 21 Memorial Terrace, Putnam, CT 06260.

2. Counter-Defendants Keith M. Casey and Katherina A. Casey ("Casey") are residents and citizens of Tennessee, residing at 1806 Setico Court, Mooresburg, Tennessee 37811.

3. This is a civil action that comes within this Court's original jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a) given that there is complete diversity between Counter-Plaintiffs and Counter-Defendants, and the amount in controversy exceeds $75,000.00.

4. Venue is proper in the United States District Court for the Eastern District of Tennessee inasmuch as this cause of action concerns rights under an easement encumbering real property situated within the Eastern District of Tennessee.

5. Counter-Plaintiffs Sullivan are the record owners of Lot 48 of Chelaque, Phase I, as shown by plat of record in Plat Cabinet 2, Slide 653A in the Register's Office for Hawkins County, Tennessee (said property being the "Sullivan Property").

6. Counter-Plaintiffs Sullivan acquired the Sullivan Property by way of Warranty Deed dated August 10, 2021, of record in Deed Book 1419, Page 195 in the Register's Office for Hawkins County, Tennessee, a copy of which is attached hereto as **Exhibit 1**.

7. Counter-Defendants Casey are the record owners of Lot 49 of Chelaque, Phase I, as shown by plat of record in Plat Cabinet 2, Slide 653A in the Register's Office for Hawkins County, Tennessee (said property being the "Casey Property").

8. Counter-Plaintiffs Casey acquired the Casey Property by way of Warranty Deed dated March 31, 2015, of recording in Deed Book 1158, Page 594 in the Register's Office for Hawkins County, Tennessee, a copy of which is attached hereto as **Exhibit 2**.

9. The Sullivan Property and Casey Property adjoin each other.

10. The Sullivan Property is encumbered by a Deed Granting Easement (the "Well Easement") dated November 13, 2006, of record in Deed Book 834, Page 202 in the Register's Office for Hawkins County, Tennessee, a copy of which is attached hereto as **Exhibit 3**.

11. The Well Easement encumbers the Sullivan Property for the benefit of the Casey Property. In general, the Well Easement allows the Casey Property access to and use of water from a well (the "Well") located on the Sullivan Property.

12. The Casey Property current maintains pipes on the Sullivan Property to access the Well to serve as a water source for a house located on the Casey Property.

13. The Sullivan Property is unimproved.

14. The current location of the water lines on the Sullivan Property render it practically impossible to construct any improvement on the Sullivan Property.

15. The water lines can be relocated on the Sullivan Property to facilitate the development of the Sullivan Property without unreasonably interfering with Counter-Defendants Casey's use and enjoyment of the Well Easement.

16. If the water lines cannot be relocated, the value of the Sullivan Property is as a practical matter unbuildable, and the current value of the Sullivan Property would be reduced by more than $75,000.00, based upon a comparative market analysis of similar unimproved properties.

## COUNT I – DECLARATORY JUDGMENT

17. Counter-Plaintiffs Sullivan reincorporate their prior contentions in this Counter-Complaint as though set forth verbatim herein.

18. Counter-Plaintiffs Sullivan seek a declaratory judgment declaring the respective rights of the Counter-Plaintiffs Sullivan and Counter-Defendants Casey as to the Well Easement and relocation of the water line.

## COUNT II – MANDATORY INJUNCTION

19. Counter-Plaintiffs Sullivan reincorporate their prior contentions in this Counter-Complaint as though set forth verbatim herein.

20. Counter-Plaintiffs Sullivan seek mandatory injunctive relief compelling Counter-Defendants Casey to take actions reasonably necessary to enable Counter-Plaintiffs Sullivan to relocate the water line in a manner facilitating the development of the Sullivan Property without unreasonably interfering with the Casey Property's use of the Well Easement. This would include, at a minimum, an order compelling Counter-Defendants Casey to turn off their power supply for a small amount of time to enable Counter-Plaintiffs Sullivan to disconnect and relocate the water lines on the Sullivan Property.

WHEREFORE, premises considered, Counter-Plaintiffs Sullivan pray for the following relief:

A. That Counter-Defendants Casey be required to answer this Counter-Complaint in the time period required by the Federal Rules of Civil Procedure;

B. That this Court hold an expedited final hearing on this matter, which concerns the rights and obligations of the parties relating to the use of the Casey Property and Sullivan Property;

C. That this Court declare the rights of the partis as to the Well Easement and relocation of the water line;

D. That this Court enter a mandatory injunction compelling Counter-Defendants Casey to take actions reasonably necessary to enable Counter-Plaintiffs Sullivan to relocate the water line in a manner facilitating the development of the Sullivan Property without unreasonably interfering with the Casey Property's use of the Well Easement, including, at a minimum, an order compelling Counter-Defendants Casey to turn off their power supply for a

small amount of time to enable Counter-Plaintiffs Sullivan to disconnect and relocate the water lines on the Sullivan Property;

      E.      That this Court dismiss Counter-Defendants Casey's Complaint; and

      F.      That the Court award Counter-Plaintiffs Sullivan all other relief to which it is entitled, including any future applications for extraordinary relief.

This the 2nd day of May, 2023.

          /s/ Richard E. Graves_____
          Matthew A. Grossman (BPR No: 22107)
          Richard E. Graves (BPR No. 34258)
          **FRANTZ, MCCONNELL & SEYMOUR, LLP**
          550 West Main Street, Suite 500
          Knoxville, TN 37902
          (865) 546-9321
          mgrossman@fmsllp.com
          rgraves@fmsllp.com
          *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing document has been served this 2nd day of May, 2023, upon all counsel or parties as listed below at interest in this cause by delivering a true and exact copy to the offices of said counsel or parties or by placing a copy in the United States mail addressed to said counsel or parties at his/her office, with sufficient postage to carry it to its destination, or by special overnight courier; if the foregoing document has been electronically filed with the Court, this service has been made only upon counsel or parties to whom the Court does not furnish electronic copies of filings.

Jerry W. Laughlin
Laughlin, Nunnally, Hood & Crum, PC
100 South Main Street
Greeneville, TN 37743

          /s/ Richard Graves_____
          Richard E. Graves
          **FRANTZ, McCONNELL & SEYMOUR, LLP**

S:\WDOX\Clients\9885\000001\PLEADING\02580507.DOCX